IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GERARDO MORENO | § | |
| v. | § | CIVIL ACTION NO. 6:07cv556 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Gerardo Moreno, proceeding through retained counsel, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Respondent was ordered to answer and filed a motion to dismiss arguing that the statute of limitations had expired. The Respondent argued that because Moreno waived his right to take a direct appeal, the time for seeking direct review expired at the time the sentence was rendered; thus, the Respondent says, the statute of limitations began to run on the day that he was convicted, not the day that his time for filing a notice of appeal expired. Moreno filed a response to the motion to dismiss contending that the limitations statute provides that the period runs from "the time for seeking such review," and so the 30-day time for filing a notice of appeal should count in the limitations period whether or not an appeal is actually filed.

After review of the pleadings, the Magistrate Judge issued a Report on May 1, 2008, recommending that the Respondent's motion to dismiss be denied. The Magistrate Judge observed that the Fifth Circuit has consistently held that where prisoners do not file direct appeals, the limitations period begins to run 30 days later, at the expiration of their time for doing so. The Magistrate Judge also noted that the Respondent did not point to any Fifth Circuit or district court

cases in which the argument advanced by the Respondent - that a waiver of appeal followed by the failure to take an appeal forfeits this 30-day period - has been accepted; on the contrary, the Magistrate Judge said, the district courts which have considered the argument have uniformly rejected it, instead commencing the limitations period 30 days after the conviction was rendered. The Magistrate Judge concluded that this construction more closely comports with the language of the statute, and recommended that the Respondent's motion to dismiss based on the expiration of the statute of limitations be denied.

Copies of this Report were sent to the parties, but no objections have been received; accordingly, the parties are barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Respondent's motion to dismiss based on the statute of limitations (docket no. 10) is hereby DENIED. It is further

ORDERED that the Respondent shall have an additional 30 days from the date of receipt of this order in which to answer or otherwise respond to Moreno's claims for habeas corpus relief.

**So ORDERED and SIGNED this 28th day of May, 2008.**



LEONARD DAVIS
UNITED STATES DISTRICT JUDGE